KAMER ZUCKER ABBOTT
Scott M  Abbott      #4500
Jody M  Florence     #6645
Timothy W. Roehrs    #9668
3000 W  Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102 1990
Tel·   (702) 259 8640
Fax    (702) 259 8646

Attorneys for Defendant
Granite Gaming Group II, LLC

F LED                          RFC  VFD
____ ENTERED                   SERVED ON
                    CCLNSEL/PART ES OF RECORD

FEB 29 2008

CLERK US D STR CT COURT
D STR CT OF NEVADA
BY _____  DFPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KENNETH TOBIN,                              )   Case No  2 07 cv 00577 BES PAL
                                            )
                Plaintiff,                  )
                                            )
vs                                          )   **REPORT OF FINDINGS**
                                            )   **REGARDING PLAINTIFF'S**
GRANITE GAMING GROUP II, LLC,               )   **COUNSEL'S RESPONSE TO**
a Nevada limited liability company          )   **ORDER TO SHOW CAUSE AND**
d/b/a GIRLS OF GLITTER GULCH,               )   **RECOMMENDATION OF**
                                            )   **DISMISSAL WITH PREJUDICE**
                Defendant                   )
_____        )

This matter is before the court regarding an Order to Show Cause issued to Charmaine L

Clark, Counsel for Plaintiff Kenneth Tobin, dated November 16, 2007  A Show Cause Hearing

was held before Magistrate Judge Peggy A Leen on February 6, 2008 at 2 00 p m  Timothy W

Roehrs appeared on behalf of the Defendant  Neither Plaintiff nor Plaintiff's counsel appeared

Defendant moved for dispositive sanctions  The Court ruled that case dispositive sanctions were

appropriate, directing Defendant to submit proposed Findings of Fact and Conclusions of Law

recommending dismissal of this matter due to the Plaintiff's counsel s repeated failures to comply

with Court orders, failure to comply with discovery obligations, failures to comply with the

Federal Rules of Civil Procedure and the Local Rules of Practice, and failures to appear at

multiple Court ordered proceedings

1    Based on the Findings of Fact and Conclusions of Law below, it is hereby recommended
2    that the District Judge impose case dispositive sanctions and dismiss this matter with prejudice

3

4    ## I.    FINDINGS OF FACT.

5    Plaintiff initiated this action on May 2, 2007   Docket No 1   Granite Gaming II
6    answered the Complaint on June 18, 2007   Docket No 8   The parties, via Plaintiff's counsel,
7    Charmaine L  Clark, and Defendant's counsel, Timothy W  Roehrs, conducted the Rule 26(f)
8    conference on June 28, 2007   Both parties agreed that the standard one hundred eighty (180) day
9    discovery period and deadlines contemplated by Local Rule 26 1 was sufficient for this matter
10   Defendant's counsel advised that he would be forwarding to Plaintiff's counsel a proposed
11   Stipulated Protective Order to govern the confidentiality of certain non party personnel
12   documents that would be produced during discovery, a copy of which was sent to Plaintiff's
13   counsel on July 12, 2007   Defendant's counsel agreed to prepare the Stipulated Discovery Plan
14   and Scheduling Order which was due to the Court by no later than July 12, 2007, pursuant to LR
15   26 1
16

17   On June 28, 2007, Defendant's counsel forwarded a draft Stipulated Discovery Plan and
18   Scheduling Order to Plaintiff's counsel for review   Plaintiff's counsel did not respond
19   Thereafter, Defendant's counsel repeatedly attempted to contact Plaintiff's counsel, via
20   telephone and correspondence, regarding the proposed Stipulated Discovery Plan and Scheduling
21   Order, specifically on July 2, 19, 24,  30, and August 2, 9, 2007   Plaintiff's counsel made no
22   response to these telephone calls and letters   As such, on August 14, 2007, Defendant filed a
23   Motion to Impose Discovery Plan and Scheduling Order   Docket No  14 and Exhibit A, B, and
24   D thereto
25

26

27

28

**KAMER ZUCKER ABBOTT**   *Attorneys at Law*
3000 West Charleston Boulevard Suite 3 • Las Vegas NV 89102 • (702) 259-8640                                        Page 2 of 24

1    The Court scheduled a hearing on the motion for August 28, 2007   Docket No 15
2    Counsel for Defendant appeared at the time of the hearing, counsel for Plaintiff did not appear or
3    arrange to appear telephonically as instructed by the Court's Notice of Hearing  The courtroom
4    administrator was unable to reach Plaintiff's counsel by phone prior to the hearing   Docket
5    No 16.  The Court granted Defendant's motion and entered a Scheduling Order, setting, *inter*
6    *alia*, a December 17, 2007 deadline for the completion of discovery  Docket No 17

8    On August 2, 2007, Defendant served its First Set of Interrogatories and First Set of
9    Requests for Production of Documents  Tanya Y  Parker of Plaintiff's counsel's office signed
10   receipts of copy for each discovery request  Docket No 30 and Exhibits 3 4 thereto  Pursuant to
11   Fed R Civ P. 33(b)(3) and 34(b), Plaintiff's responses to these requests were due by
12   September 4, 2007

13   Plaintiff did not serve Defendant with responses to its discovery requests by the
14   September 4, 2007 deadline, nor was Defendant's counsel otherwise contacted by Plaintiff's
15   counsel regarding the pending discovery requests. Docket No 19, at Exhibit 7  At that juncture,
16   Defendant's counsel had also been unable to secure any response from counsel for Plaintiff
17   regarding the previously proposed Stipulated Protective Order, despite repeated attempts to
18   contact her as set forth above  See supra at 2, Docket No 18, at Exhibit 2

19   Between September 13 and September 21, 2007 Defendant's counsel telephoned and
20   wrote to Plaintiff's counsel twice regarding the overdue discovery responses and the proposed
21   Stipulated Protective Order  Docket No 18, Exhibits 2, 9 10, Docket No 19, Exhibit 7 9   In a
22   September 21, 2007 letter to Plaintiff's counsel, Defendant's counsel stated that relief from the
23   Court would be sought if she did not respond to these inquiries by October 4, 2007  E g, Docket
24   No 19, at Exhibit 9

25

26

27

28

1    When Plaintiff's counsel again did not respond to Defendant's correspondence,

2  Defendant filed two motions on October 5, 2007 a Motion to Compel Answers to Defendant's

3  First Set of Interrogatories and First Set of Requests for Production of Documents and Motion

4  for Sanctions Pursuant to Fed R Civ. P 37, and a Motion for a Protective Order Governing

5  Confidential Information Produced During Discovery  Docket Nos. 18 19  The Court scheduled

6
   a hearing on such motions for November 13, 2007  Docket No 20
7

8    On October 11, 2007 Defendant proposed to Plaintiff a draft Joint Interim Status Report

9  pursuant to the parties' obligation under LR 26 3 and the Discovery Plan and Scheduling Order

10  to file such a report by October 18  The Proposed Joint Interim Status Report specifically stated

11  "On October 5, 2007, Defendant filed a Motion to Compel Plaintiff to answer Defendant's First

12  Set of Interrogatories and First Set of Requests for Production of Documents "  Docket No 30, at

13  Exhibit 5  Despite attempts to contact Plaintiff's counsel regarding the proposed Joint Interim

14  Status Report on October 15 and 17, counsel was unable to secure any response  Consequently,

15  Defendant unilaterally filed the Interim Status Report on October 19, 2007  Docket No. 21

16    Plaintiff failed to file any response or opposition to Defendant's Motion to Compel and

17  for Sanctions or its Motion for a Protective Order  Docket No(s) 22 23  At the November 13,

18  2007 hearing, Timothy W Roehrs appeared on behalf of the Defendant  Plaintiff failed to make

19  an appearance, notwithstanding the Court waiting more than fifteen minutes after the time set for

20  the hearing and attempts by the courtroom administrator to contact Plaintiff's counsel's office

21  Counsel for the Plaintiff had failed to contact the Court or Defendant's counsel prior to the

22  hearing to indicate any reason why she would be unable to attend this hearing

23    The Court granted Defendant's Motion for a Protective Order, Motion to Compel and

24  Motion for Sanctions in an Order dated November 16, 2007   The Court's Order directed

25  Plaintiff to fully and completely respond to Defendant's discovery requests, without objections,

26  no later than November 27, 2007  The Court also awarded Defendant sanctions of attorney's

27  fees and costs in the amount of $2,000 00

28

**KAMER ZUCKER ABBOTT**   *Attorneys at Law*

1    The Court further issued an Order to Show Cause directing counsel for Plaintiff to show
2 cause, in writing why sanctions should not be imposed for her failure to comply with the Local
3 Rules of Practice, this Court's orders, and attend hearings on motions this Court had set A
4 status hearing was set for December 11, 2007, at 10 00 a m , the purpose of which was  to hear
5 from counsel for Plaintiff on the response to the Order to Show Cause, hear any disputes the
6 Defendant had with respect to the adequacy of Plaintiff's answers to the Interrogatories and
7 Requests for Production of Documents, and consider any requests for adjustments to the Court's
8 discovery plan and scheduling order  Docket No 25 (citing LR 1A 4 1 which allows sanctions
9 for failure to appear for "argument on motion" or "for a presentation to the court," or for failure
10 to "comply with these rules" or "comply with any order of th s court")  The Court specifically
11 provided that the failure to timely comply with the provisions of the Order could result in the
12 imposition of sanctions up to and including dismissal of this matter

13    Plaintiff did not serve the written discovery by November 27, 2007 as ordered by this
14 Court  Docket No 30  Plaintiff's counsel also did not file a response to the Court's Order to
15 Show Cause by November 27, 2007

16    On November 28, 2007, counsel for Plaintiff filed an affidavit, unsupported by any
17 additional documentary evidence, wherein she asserted that she did not "appear at the previous
18 hearings in this matter nor file responsive briefing to the Motions to Compel or for Protective
19 Order" because she did not have notice of the motions or the hearing dates  Docket No 27, at
20 ¶¶ 1 2  Plaintiff's counsel contended that the Court's notices in this matter had been delivered to
21 her "bulk" e mail folder, the folder where "spam" messages are directed, resulting in them being
22 deleted after 14 days  Id at ¶ 3  Although she admitted that the same problem occurred in 2006
23 for several other federal cases in which she was involved, she stated that after she complained to
24 Yahoo, she had assumed the problem was fixed  Plaintiff's counsel contended that she became
25 aware of the issue at hand on November 28 when opposing counsel in a different case called her
26 because she was supposed to be present for a telephonic status conference, causing her to check
27 her bulk e mail account  Id at ¶¶ 3 4  Plaintiff's counsel's response went on to assert that had

28

1  she opposed Defendant's Motions, she would have stated that she "left a telephone message with
2  Defendant's counsel indicating that [she] had no record in [her] office of receiving the discovery
3  and that [she] was not inclined to agree to the protective order[ ]" Id at ¶ 5

4      On December 7, 2007, Defendant responded to Plaintiff's counsel's affidavit arguing that
5  her untimely explanations did not justify her failures to comply with the Local Rules of Practice
6  or the Court's Orders, or her failures to attend hearings and communicate with Defendant's
7  counsel  Docket No 30  Defendant demonstrated that Plaintiff's counsel had received its
8  written discovery requests and that no message regard ng the same had been left with its counsel
9  Defendant explained that given Plaintiff's counsel's representation that she had not received
10  Defendant's written discovery requests, it had forwarded additional copies of the written
11  discovery to Plaintiff on December 3, 2007  Id at Exhibits 3 4, 7  Defendant suggested that
12  additional sanctions were warranted as the Court deemed proper

13      Defendant attended the December 11, 2007 status hearing via its counsel, Plaintiff's
14  counsel failed to appear without prior notice to the Court or Defendant  The courtroom
15  administrator was able to reach Plaintiff's counsel by phone at which time Plaintiff's counsel
16  requested an emergency continuance due to a personal emergency involving the health of her
17  mother  The Court continued the hearing to December 19, 2007, at 3 00 p m , based upon
18  Plaintiff's counsel's representation of her availability on that date  Docket No 31

19      At the December 19, 2007 hearing, Defendant made an appearance  Plaintiff did not
20  After the commencement of the hearing, the Court acknowledged receiving a voicemail message
21  from Plaintiff's counsel prior to the hearing indicating that she would be unavailable to appear
22  due to the same personal emergency discussed on December 11  After conferring with counsel
23  with Defendant, this Court stayed the matter for 30 days in order to give Plaintiff's counsel
24  sufficient time to attend to her mother's health.  The Court directed Defendant's counsel to
25  contact Plaintiff's counsel to obtain a day and time upon which both were available to continue
26  this matter  Docket No 32

27      On December 20, 2007, Defendant's counsel notified Plaintiff's counsel of the Court's

28

1  December 19 Order and requested dates and times upon which she was available for the
2  continued status hearing Docket No 34 at Exhibits 25, 27 Defendant's counsel also inquired
3  as to the status of the Plaintiff's discovery responses which still had not been received Id
4  Defendant's counsel attempted to discuss this matter with Plaintiff's counsel again on December
5  28, January 1, 10, and 15, via telephone calls and letters Defendant's counsel received no
6  response until January 16, 2008, when Plaintiff's counsel's assistant telephoned and provided the
7  available dates of February 6ᵗ 8ᵗ for the continued status hearing Id at Exhibits 25, 27 31
8  Defendant's counsel provided these dates to the Court and a hearing for February 6, 2008 at 2 00
9  p m was set Docket No 33 Defendant's counsel notified Plaintiff's counsel of the date and
10 time of the continued hearing Docket No 34 at Exhibit 31

11 On January 23, 2008, Plaintiff's counsel's assistant notified Defendant's counsel that
12 Plaintiff's discovery responses would be served on January 28, 2008 Defendant did not receive
13 such responses on January 28, and Plaintiff's counsel made no contact with Defendant's counsel
14 regarding the same Docket No 34, at Exhibit 25 On January 29, 2008, Defendant filed a
15 Motion to Dismiss this case pursuant to Fed R. Civ P 41(b) and 37(b)(2)(A)(v) Docket
16 No 34

17 On February 6, 2008, at 2 00 p m this Court convened for the continued status hearing
18 on the Order to Show Cause Defendant appeared at the hearing Counsel for Plaintiff did not
19 appear Instead, at approximately 12 30 p m. counsel for Plaintiff had contacted the courtroom
20 administrator indicating that she was unable to attend the hearing because her mother was being
21 released from a care facility and she needed to pick her up and take her home, Plaintiff's counsel
22 further indicated that she was unable to leave her mother alone once arriving at her home

23 Defendant requested dismissal of this matter, arguing that Plaintiff's counsel's recent
24 trouble with her mother's hea th failed to excuse her prior lack of diligence in and absence from
25 this matter Defendant argued that Plaintiff's counsel's November Response to the Order to
26 Show Cause (which preceded the recent personal issues she purported to face) failed to justify
27 her repeated failures to follow Court Rules and Orders, appear at hearings scheduled by the
28

Court, and her complete failure to communicate with Defendant's counsel

Defendant explained that Plaintiff's counsel's assertion that she had not received Defendant's discovery was simply untrue given the signed receipt of copy and runner's slip Defendant produced proving such documents were hand delivered to Plaintiff's counsel on August 2, 2007  Defendant's counsel stated that another copy of such discovery responses had been sent to Plaintiff's counsel on December 3, and informed the Court that Plaintiff had still failed to respond to the discovery despite Plaintiff's counsel's representation that they would be served on January 28, 2008

Defendant argued that Plaintiff's counsel's assertion that her e mail system was to blame for her failure to respond to motions and attend hearings was unavailing to excuse her lack of diligence in this matter and violation of Court Orders and Rules  Defendant additionally pointed out that even if such an excuse was acceptable, Plaintiff's counsel was on notice of Defendant's motions given its correspondence to Plaintiff's counsel both prior to and after the filing of the October 5, 2007 motions. Indeed, Defendant stated that the proposed Joint Interim Status Report sent to Plaintiff's counsel on October 11  specifically stated that two motions had been filed with the Court

Finally, Defendant detailed for the Court the near complete lack of communication its counsel had received from Plaintiff's counsel during the pendency of this case  Other than two recent telephone calls from her assistant (regarding the setting of the February 6, 2008 hearing and the overdue discovery purportedly to be served on January 28, 2008) and two letters from Plaintiff's counsel regarding unrelated matters, Defendant's counsel had received no responsive communication from Plaintiff's counsel since the June 28, 2007 Rule 26(f) Conference

The Court agrees with Defendant's position and further finds that Plaintiff's recent personal matters, regarding her mother's health, are simply not credible excuses for her continued failures to follow this Court's Orders and attend hearings in this matter  Plaintiff's counsel has failed to provide this Court with any information or documentation to substantiate her contentions regarding her mother's health  On two occasions, this Court has rescheduled the

KAMER ZUCKER ABBOTT    *Attorneys at Law*
3000 Wes Charleston Boulevard  Su te 3 • Las Vegas  NV 89102 • 702) 259 8640

status hearing to a time when Plaintiff's counsel represented she was available, yet each time, the Court has received last minute messages from Plaintiff's counsel stating that she would not be able to attend  Such conduct in response to an Order to Show Cause from this Court is simply inexcusable and clearly demonstrates that the long history of dilatory conduct in this matter will continue without regard to Defendant's, or even the Court's, actions

## II.  CONCLUSIONS OF LAW.

The United States Supreme Court has recognized that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute     is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts "  Link v  Wabash R  Co , 370 U S  626, 629 30 (1962)   That Court held that "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting "  Id  at 633  To that end, Federal Rule 37 provides, in relevant part, as follows

*(b) Failure to Comply with a Court Order*

*(2) Sanctions in the District Where the Action Is Pending*

*(A) For Not Obeying a Discovery Order*  If a party     fails to obey an order to provide or permit discovery, including an order under Rule     37(a), the court where the action is pending may issue further just orders  They may include the following

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims,

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence,

(iii) striking pleadings in whole or in part,

(iv) staying further proceedings until the order is obeyed,

KAMER ZUCKER ABBOTT   Attorneys a  Law
3000 Wes  Charles on Bou evard  Su  e 3 • Las Vegas  NV 89102 • (702  259-8640

(v) dismissing the action or proceeding in whole or in part,

(vi) rendering a default judgment against the disobedient party, or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination

(C) *Payment of Expenses* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney s fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust

Fed Civ P 37(b)(2)(A) Moreover, Federal Rule 41(b) provides

*(b) Involuntary Dismissal, Effect* If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule operates as adjudication upon the merits

Finally, the Local Rules of Practice provide that the Court may, after not ce and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause, fails to appear for a presentation to the Court, fails to comply with the Local Rules, and/or fails to comply with any order of this Court LR IA 4 1

Counsel for the Plaintiff has repeatedly failed to comply with Court orders, discovery obligations, the Federal Rules of Civil Procedure, and the Local Rules of Practice, and appear at multiple Court ordered proceedings, without just cause As such, this matter should be dismissed with prejudice pursuant to Rule 37(b)(2)(A), 41(b) and Local Rule IA 4 1

///

///

///

KAMER ZUCKER ABBOTT  *Attorneys at Law*

3000 West Charleston Boulevard Su e 3 • Las Vegas NV 83102 • (702) 259-8640

### A. Counsel for Plaintiff Has Repeatedly Failed to Comply with Court Orders, the Federal Rules of Civil Procedure, the Local Rules of Practice, Has Failed to Appear at Multiple Court Ordered Proceedings, and Has Failed to Communicate with Defendant's Counsel.

First, Plaintiff's counsel completely ignored her obligation to work with Defendant's counsel to agree upon and file a proposed Discovery Plan and Scheduling Order  Fed R Civ P 26(f), LR 26 1(d)  While Defendant's counsel prepared and proposed a stipulated Discovery Plan and Scheduling Order in accordance with the parties' agreement at the Rule 26(f) Conference, counsel for Plaintiff never responded to the proposed plan, ignoring multiple attempts by Defendant's counsel to obtain a response, and preventing the parties from filing the plan by the LR 26 1 deadline  As a result, the Court was forced to impose a Discovery Plan and Scheduling Order, upon Defendant's Motion, after holding a telephonic hearing which Plaintiff's counsel failed to attend  Docket No(s) 15 17  At no time has Plaintiff's counsel provided any justification to this Court for her failure to follow LR 26 1 and Fed R Civ P 26(f)

Second, the Rules require that a party upon whom interrogatories and requests for production of documents have been served must serve a copy of the answers, and objections, if any, within 30 days after the service of the discovery requests  Fed R Civ P 33(b)(3), 34(b) Here, Plaintiff was served with Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents on August 2, 2007  Docket No 30, at Exhibit 3  Plaintiff did not serve his responses upon Defendant by the September 4, 2007 deadline, nor did Plaintiff's counsel otherwise contact counsel for Defendant for an extension  Docket No 19 and Exhibit 7 thereto  Plaintiff's counsel ignored every attempt by Defendant's counsel to inquire as to the overdue discovery requests until January 23, 2008 when it was assured to Defendant that responses would be served by January 28, 2008  Docket No 34 and Exhibit 25 thereto  Despite that representation, no discovery responses have been served upon Defendant and Plaintiff's

1   discovery responses are now six (6) months overdue   As such, Plaintiff and his counsel have

2   failed to follow Fed R Civ P 33(b)(3) and 34(b)   The Court rejects Plaintiff's counsel's

3   contention that such responses were never received, given the receipts executed by her staff and

4   her failure to rebut Defendant's evidence regarding the same   Docket 30, Exhibit 3

5       Third, Local Rule 7 2 requires a party to file points and authorit es in response to all

6   motions filed unless otherwise ordered by the Court   On October 5, 2007, Defendant filed a

7   Motion to Compel and Motion for Sanctions and a Motion for a Protective Order   Docket

8   Nos 18, 19   Plaintiff filed no responsive points and authorities to these motions   Docket

9

10  No(s) 22 23

11      Fourth, the parties were obligated, pursuant to the Discovery Plan and Scheduling Order

12  and Local Rule 26 3, to file an Interim Status Report by October 18, 2007   LR 26 3, Docket

13  No 17   Plaintiff's counsel ignored her obligations under this Rule and failed to make any

14  response to Defendant's draft Joint Interim Status Report forwarded to her on October 11, 2007,

15  or subsequent attempts to communicate with her about the same   Docket No  30, at Exhibits 4 6

16  As such, while Defendant filed its own Interim Status Report on October 19, 2007, Docket No

17  21, Plaintiff has never filed such a report

18      Fifth, the Court scheduled a hearing for November 13, 2007 on Defendant's Motion to

19  Compel and Motion for Protective Order   Plaintiff's counsel failed to appear

20      Sixth, as a result of that hearing and Plaintiff's counsel's dilatory conduct, this Court, on

21  November 16, granted Defendant's motions and ordered Plaintiff to fully and completely

22  respond to Defendant's discovery requests without objections no later than November 27, 2007

23  This Court further ordered counsel for Plaintiff to show cause, no later than November 27, 2007

24  why additional sanctions should not be imposed for her failure to comply with the Local Rules of

25  Practice, this Court's orders, and attend hearings on motions this Court had set   Docket No  25

26  Counsel for Plaintiff violated the Court's Order by failing to serve responses to Defendant's

27  discovery requests and by failing to file a response to the Show Cause Order by November 27

28

KAMER ZUCKER ABBOTT   *Attorneys at Law*

## B.    Counsel for Plaintiff Has Failed to Show Good Cause.

Plaintiff's untimely Response to the Show Cause Order is wholly deficient to show good cause for her failures to follow this Court's Rules and Orders, attend hearings, and communicate with Defendant's counsel    Docket No 27

First, Plaintiff's counsel's representation that she failed to serve responses to Defendant's discovery requests because she never received them is without merit    Defendant has demonstrated that the discovery requests were hand delivered to Plaintiff's counsel's office on August 2, 2007, and that Tanya Y Parker, of Plaintiff's counsel's office, received such documents    Docket No 30, at Exhibit 3. Moreover, Defendant served Plaintiff with additional copies of the written discovery requests on December 3, 2007. Id at Exhibit 7    Plaintiff's counsel has made no effort to rebut Defendant's proof of delivery or offer any additional explanation for her failure to respond to the discovery in direct violation of her obligations under the Federal Rules and this Court's Order of November 16

Second, Plaintiff's counsel is obligated to have electronic hardware and software that will enable her to comply with this Court's Electronic Filing Procedures    The Court's "Best Practices" guide for CM/ECF users specifically notes that counsel should ensure that e mail notifications are not being blocked    See *Recommended Best Practices For Lawyers and Their Law Firms Utilizing The Nevada U S District Court CM/ECF System*, at § IV(C)(3), *available at* http://www nvd uscourts gov/CMECFBestPractices aspx    Further, given Plaintiff's counsel's admission that the alleged problem with her e mail system began in July 2006, her reliance on it here, and her assumption that the issue had been corrected demonstrates a complete lack of diligence    Counsel for Plaintiff has failed to detail any efforts to guarantee her timely receipt of notifications from this Court notwithstanding the purported trouble with her spam filter, such as regularly checking the Court's PACER docket, regularly checking her "bulk folder," or obtaining another e mail system or provider

Even if the Court were to accept this explanation regarding the spam filter, which it does not, Plaintiff's counsel was clearly on notice that motions were pending before this Court

KAMER ZUCKER ABBOTT    *Attorneys at Law*

regarding the overdue written discovery and the proposed protective order given Defendant's counsel's September 21, 2007 letter which clearly stated that the Court's intervention would be sought regarding such matters, Docket No 19, Exhibit 9, and the proposed October 11 Joint Interim Status Report which specifically confirmed that such motions had been filed    Docket No 30, Exhibits 4 5 These documents should have alerted Plaintiff's counsel to the purported continued trouble with her e mail account

Third, Plaintiff's counsel has failed to show good cause for her continued failure to attend the multiple hearings scheduled by this Court since the issuance of the November 16 Order While Plaintiff's counsel contends that an emergency concerning her mother's health arose which kept her from attending the December 11, 19, and February 6 status hearings, she has failed to provide any documentation to the Court to substantiate her oral representations or explain the circumstances This Court accepted Plaintiff's oral representation regarding such an emergency on December 11, however, the Court can no longer rely on such unsubstantiated communications given Plaintiff's counsel's failure to attend hearings on dates she has proposed and her eleventh hour notifications to the Court that she will be unable to attend    Plaintiff's counsel's continued reliance on this purported emergency without some type of substantiation or additional information now appears as simply another unavailing excuse for a complete lack of diligence and attention to this matter

Fourth, Plaintiff's counsel's affidavit makes no attempt to explain her consistent failure to return and/or respond to the telephone calls and letters of Defendant's counsel    Docket No 14, at Exhibits A B, D, Docket No 18, at Exhibits 2, 6, 8 10, Docket No 19, at Exhibits 7 9, Docket No 30, at Exhibits 4 6, Docket No 34, at Exhibit 25 Defendant has shown that preceding the controversies before this Court regarding the discovery plan and scheduling order, the proposed protective order, and the written discovery requests, Defendant attempted to informally resolve each issue with numerous telephone calls and letters to Plaintiff's counsel Docket No 14, at Exhibits A B, D, Docket No 18, at Exhibits 2, 6, 8 10, Docket No 19, at Exhibits 7 9    Plaintiff's counsel has simply ignored each of these inquiries between June 28,

1    2007 and January 15, 2008    Id., Docket No 34, at Exhibit 25    Plaintiff's counsel's

2    correspondence with Defendant's counsel in this matter, since the Rule 26(f) conference, has

3    been limited to. a July 30, 2007 request for a stay to the case (in order to expand it, which

4    Defendant promptly declined), Docket No 19, at Exhibits 5 6, a December 4, 2007 letter

5    (unrelated to pending issues, but to which Defendant promptly replied), Docket No 34, at

6    Exhibit 33, and two calls from Plaintiff's counsel's assistant on January 16, 2008 and January

7    23, 2008 to advise Defendant's counsel of dates for the Order to Show Cause Hearing and to

8    advise them that Plaintiff's discovery responses would be received on January 28, 2008    Docket

9    34, at Exhibit 25    Plaintiff's counsel did not even contact Defendant's counsel to advise them of

10   her inability to attend the December 11, 19, or February 6 hearings or each of the prior hearings

11   before this Court    Id    This conduct, in addition to her failure to follow the Rules and Orders of

12   this Court, has brought this matter to a stand still and caused Defendant to incur unnecessary fees

13   and expenses

14         Plaintiff's counsel has made no effort to supplement her response to the Court's Order to

15   Show Cause or provide any further information or documentation to excuse her conduct in this

16   matter despite the considerable time which has passed since the Court's November 16 Order

17   Thus, even if Plaintiff's counsel received notification of this Court's Show Cause Order on

18   November 28, as she alleges in her affidavit, thereby requiring her to quickly file a brief and/or

19   incomplete response, she had an additional *70 days* from that alleged notice to the February 6

20   hearing to prepare and submit any further evidence or information supporting her contention of

21   good cause    Her failure to do so, combined with her repeated failures to attend the status hearing

22   on this specific issue and her overall neglect of this matter for over 7 months, leaves the Court

23   with no other choice but to conclude that good cause is wholly lacking for her conduct in this

24   matter    Moreover, such a lack of diligence in the face of such serious consequences clearly

25   demonstrates to this Court that additional sanctions will be unavailing to move this matter

26   forward in an efficient and proper manner

27   ///

28

KAMER ZUCKER ABBOTT    *Attorneys at Law*
3000 West Charleston Boulevard Suite 3 • Las Vegas NV 89102 • (702) 259-8640                    Page 15 of 24

## C. Dispositive Sanctions Are Warranted.

In determining whether dismissal is proper, the Court is required to weigh several factors (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions  Henderson v  Duncan, 779 F 2d 1421, 1423 (9ᵗʰ Cir 1986), see also Malone v  U S  Postal Serv , 833 F 2d 128, 130 (9ᵗʰ Cir 1987) (explaining the standards governing dismissal under Rules 37 and 41 "are basically the same")  The Court holds that the factors favoring dismissal outweigh the public policy favoring disposition of cases on their merits  Accordingly, this case should be dismissed with prejud ce

### 1. The Public's Interest in Expeditious Resolution of Litigation.

This matter has been pending since May 2, 2007  Docket No  1  But since the Rule 26(f) Conference in late June 2007, it has failed to make any progress toward resolution  Although the parties exchanged initial disc osures, no other discovery has taken place  Significantly, as of the February 6, 2008 hearing on this Court's Order to Show Cause, Plaintiff had still failed to serve any response to Defendant's first set of discovery requests  responses which are approximately six (6) months overdue  The Court was required to impose a Discovery Plan and Scheduling Order due to Plaintiff's counsel's failure to meet her obligations under the Local Rules of Practice  Yet Plaintiff and his counsel have ignored the Order and no progress was made toward completing discovery by the December 17 deadline

As set forth in detail above, this matter has been at a standstill due to the conduct of Plaintiff's counsel  Therefore, the public's interest in expeditious resolution of litigation clearly favors dismissal  See Pagtalunan v  Galaza, 291 F 3d 639, 642 (9ᵗʰ Cir 2002) (finding the first factor "weigh[ed] in favor of dismissal" where plaintiff failed to prosecute his case for "almost four months"), see generally Yourish v  California Amplifier, 191 F 3d 983, 990 (9ᵗʰ Cir 1999) ("The public s interest in expeditious resolution of litigation always favors dismissal")

///

## 2. The Court's Need to Manage Its Own Docket.

Plaintiff's counsel's conduct has consumed judicial resources which could have been expended on other cases on the Court's docket By ignoring Defendant's counsel's attempts to communicate with her and by failing to respond to Defendant's discovery requests, Plaintiff's counsel required the filing of three motions with this Court the Motion to Impose Discovery Plan and Scheduling Order, the Motion to Compel and Motion for Sanctions, and the Motion for a Protective Order Docket No(s) 14, 18 19

Plaintiff compounded the problems presented by each motion by failing to respond to Defendant's motions and by failing to appear for each of the hearings scheduled by the Court on these matters Docket No(s) 16, 22 23, 25 Plaintiff failed to respond to the Motion to Impose Scheduling Order and his counsel failed to attend the August 28, 2007 telephonic hearing without prior notice to the Court Docket No 16 Then, Plaintiff's counsel failed to attend the November 13, 2007 hearing scheduled on Defendant's Motion to Compel and Motion for Protective Order, again without any prior notice to the Court Docket No 25 As such, the Court's time was unnecessarily expended attempting to contact Plaintiff counsel's to determine whether she intended to appear

Thereafter, Plaintiff's counsel failed to appear at the December 11, 19, and February 6, hearings on this Court's Order to Show Cause, providing no or only last minute notice that she would be unable to attend those hearings, rather than proactively attempting to reschedule the hearings Docket No 31 32, 35 Plaintiff's counsel's conduct in that regard has rendered the Court unable to use the allotted time for those hearings for other matters Because Plaintiff's counsel's dilatory conduct has halted this case and unnecessarily consumed judicial resources, it has interfered with the Court's ability to manage its docket Therefore, this factor also favors dismissal See also Yourish, 191 F 3d at 990 (plaintiff cannot cause "the action to come to a complete halt" such that the plaintiff is "control[ling] the pace of the docket rather than the Court"), Ferdik v Bonzelet, 963 F 2d 1258, 1261 (9th Cir 1992) (affirming dismissal and

KAMER ZUCKER ABBOTT   *Attorneys at Law*
3000 West Charles on Boulevard Su e 3 • Las Vegas NV 39102 • (702  259 8640

Page 17 of 24

explaining, "[i]t is incumbent upon us to preserve the district courts power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik") As the Ninth Circuit Court has found "Indulgent toleration for the misconduct of lawyers and litigants is a luxury the overcrowded federal courts cannot afford " Chism v Nat'l Heritage Life Ins Co , 637 F.2d 1328, 1332 (9ʰ Cir 1981) (citations omitted), *overruled on other grounds by* Bryant v Ford Motor Co , 844 F 2d 602 (9th Cir 1987) Instead, "[f]airness to other litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources)," requires the Court to use dispositive sanctions when faced with conduct such as that shown here by Plaintiff's counsel See id

### 3. The Risk of Prejudice to Defendant Favors Dismissal.

In determining whether prejudice has occurred, the Ninth Circuit Court "examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case " Malone, 833 F 2d at 131 Unreasonable delay will result in a presumption of prejudice Anderson v. Air West, Inc , 542 F 2d 522, 524 (9th Cir 1976) ("The law presumes injury from unreasonable delay "), Laurino v Syringa Gen Hosp , 279 F 3d 750, 753 (9th Cir 1992) (a presumption of prejudice arises from a Plaintiff's unexplained failure to prosecute) A plaintiff may rebut the presumption of prejudice by offering a non frivolous explanation for the delay, in which case the burden shifts to the defendant to show "at least some actual prejudice " Nealey v Transportation Maritime Mexicana, S A., 662 F 2d 1275, 1281 (9th Cir 1980) In doing so, Plaintiff "must . . . persuade the court that such c aims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse," and then "the court must exercise its discretion by weighing the relevant factors time, excuse, and prejudice " Id

Here, Defendant is entitled to a presumption of prejudice due to Plaintiff's unreasonable 7 month delay and failure to prosecute this matter This matter has come to a complete stand

1    still during a time period in which the parties were required, by the Rules and the Court's
2    Scheduling Order, to be conducting discovery to prepare for dispositive motions and/or trial

3         "The period of time constituting unreasonable delay need not be extensive if 'the future
4  [holds] only the prospect of continued improprieties '" Harrison v Health Net Health Plan of
5  Oregon, No CV 02 1320 HA, 2005 WL 465132, at *2 (D Ore , Feb 28, 2005) (quoting Chism,
6  637 F 2d at 1332, *overruled on other grounds by* Bryant v Ford Motor Co , 844 F 2d 602 (9th
7  Cir 1987))  Plaintiff's continued dilatory conduct after this Court's November 16 Order, her
8  continued failure to attend hearings scheduled based upon her representations of availability, and
9
10  her inexplicable and complete failure to respond to Defendant's counsel's telephone calls and
11  letters from June 28, 2007 through January 15, 2008, demonstrates that this matter will continue
12  to be fraught with dilatory conduct and unreasonable delay  Indeed, despite their pendency since
13  *August 2007* and the Court's Order compelling answers to Defendant's discovery requests by
14  *November 27*, the *first* time Plaintiff's counsel contacted Defendant's counsel regarding such
15  requests was *January 23, 2008*, when her assistant promised delivery of responses by Monday,
16  January 28  Yet, no discovery responses were received on January 28, and Plaintiff's counsel
17  made no attempt to contact Defendant's counsel  See Docket No  34, at Exhibit 25
18

19         Plaintiff's counsel cannot credibly rebut this presumption because, as set forth above, her
20  excuses are unavailing to explain her complete absence from this matter for over seven (7)
21  months and her failure to follow this Court's Rules and Orders  See Yourish, 191 F 3d at 991 92
22  (finding that the prejudice factor "strongly favors dismissal ' as "Plaintiffs' paltry excuse for his
23  default on the judge's order indicates that there was sufficient prejudice to Defendants from the
24  delay"), Malone, 833 F 2d at 131 (in holding that "the prejudice to the Government from
25  Malone's actions was sufficient to justify an order of dismissal," the court placed "particular
26
27
28

KAMER ZUCKER ABBOTT  *Attorney at Law*
3000 West Charleston Bouleva d Su e 3 • Las Vegas NV 891(2 • 702 259-8640

1    reliance on the district courts determination that Malone's excuse for her conduct was
2    groundless"), see also Hernandez, 138 F 3d at 400 01 (finding the third factor "weighs in favor
3    of dismissal regardless of whether the defendants have shown any actual prejudice" because,
4    while the presumption of prejudice is rebuttable, "the plaintiffs have yet to present 'an excuse for
5    delay that is anything but frivolous'"), Pagtalunan, 291 F 3d at 643 (unnecessary delay
6    unreasonable where plaintiff offered no explanation of his efforts to proceed) Even Plaint ff's
7    counsel's recent excuse regarding her mother's health is neffective inasmuch as her failure to
8    prosecute this matter and failure to follow the Rules and Orders of this Court began well before
9    
10   this purported emergency Plaintiff's counsel failed to attend both the August 28 hearing
11   regarding the Scheduling Order and the November 13 hearing on the Motion to Compel and
12   Motion for Protective Order, Defendant's discovery responses have been overdue since
13   September 4, and Plaintiff's counsel stopped communicating with Defendant's counsel in late
14   June 2007  See Harrington v. City of Chicago, 433 F 3d 542, 547 48 (7th Cir 2006) (failure of
15   
16   plaintiffs' attorney to respond to discovery could not be excused by the death of his sister and
17   father during pendency of ac ion because even before the deaths attorney did not respond to
18   discovery requests and failed to make an appearance in court), Cintron-Lorenzo v. Departamento
19   de Asuntos del Consumidor, 312 F 3d 522, 527 28 (1st Cir 2002) (explaining how plaintiff's
20   "duty of attending to the case is not automatically excused by personal tragedy or emotional
21   upheaval," and affirming dismissal because "[e]ven taking [plaintiff's] description of her
22   
23   afflictions at face value, nothing about them excuses this persistent failure to communicate" with
24   the court in an effort "to seek judicial approval for her repeated noncompliance with procedural
25   rules, court orders, and a series of deadlines")

26       Nevertheless, even if Plaintiff's counsel could offer some valid excuse for her failures,
27   Defendant has shown actual prejudice  Defendant has incurred unnecessary expenses and fees
28

KAMER ZUCKER ABBOTT    Attorneys at Law
3000 West Charleston Boulevard Suite 3 · Las Vegas NV 89102 · 702) 259-8640

due to Plaintiff's absence from this case [1]  Rather than expending resources on conducting discovery and moving this matter toward resolution, Defendant has been required to expend its resources upon repeated and unsuccessful attempts to communicate with Plaintiff's counsel regarding routine matters, motions on issues which the parties should have been able to resolve themselves, notices of no opposition when Plaintiff failed to respond to motions, a response to Plaintiff's affidavit on the show cause order, and preparation for and attendance at hearings which Plaintiff's counsel failed to attend without sufficient notice  Such unnecessary time and expense is sufficient to demonstrate actual prejudice  See Chism, 637 F 2d at 1331 (affirming dismissal where plaintiff's '[d]isregard of the discovery process deprived the defendant of needed information, increased its litigation expenses and forestalled its preparation for trial"), Scarborough v Eubanks, 747 F 2d 871, 876 (3d Cir 1984) (prejudice includes "irremediable burdens or costs imposed on the opposing party"); Hopkins v J C Penney Co  227 F R D  347, 352 53 (D Kan 2004) (finding substantial prejudice where plaintiff's failure to file Rule 26 disclosures, to respond to written discovery, to communicate with defendants counsel, and to provide relevant documents to defendant "has left defendant largely in the dark" and recognizing that "defendant has expended great effort in calling, faxing and e mailing plaintiff about discovery matters even after the court granted defendants motion to compel ") [2]

Moreover, due to Plaintiff's counsel's conduct, Defendant was unable to conduct any discovery on Plaintiff's claims before the December 17, 2007 expiration of the time period that

[1] Indeed, Defendant asserts in its Motion to Dismiss that overall Plaintiff's failure to participate in this case has caused Defendant to incur approximately $33,779 00 in attorney's fees and expenses. See Docket No. 34 at Exhibit 25 at ¶¶ 17 19

[2] See also Harrison v. Health Net Health Plan of Oregon, No CV 02 1320 HA, 2005 WL 465132, at *2 (D Ore , Feb 28, 2005) (finding actual prejudice, in part because "plaintiff's dereliction" has caused defendant to incur "considerable costs and fees"), Daniels v. San Fran Sch Dist , No C 98 4068 TEH, 2001 WL 277976, at *5 (N D Cal , March 20, 2001) (finding prejudice where, in part, defendant "incurred considerable expenses in legal fees and wasted time appearing at conferences when Plaintiff has not prepared or has failed to appear")

KAMER ZUCKER ABBOTT    Attorneys at Law

the Court ordered for the completion of discovery Finally, because of the extensive delay to this action caused by Plaintiff's counsel's conduct, Defendant's ability to defend this action, which involves allegations of discrimination dating back to 2004, has been hampered given the potential resulting challenges to discovery, including the fading of memories of key witnesses As such, the prejudice to Defendant favors dismissal

## 4. The Availability of Less Drastic Sanctions Favors Dismissal.

This Court has already implemented alternative sanctions in an attempt to remedy Plaintiff's delay and failures   The Court entered a Scheduling Order for the parties when Plaintiff refused to confer with Defendant about this matter   Docket No 17   The Court granted Defendant's Motion to Compel and Motion for Protective Order and ordered Plaintiff to provide answers to Defendant's discovery requests by November 27   The Court also issued monetary sanctions against Plaintiff   $2,000 00   for the failure to respond to those discovery requests   In that Order, the Court specifica ly found that the Plaintiff had repeatedly failed to comply with the Rules and Orders of the Court and thereby determined that Plaintiff must show cause why additional sanctions were not warranted   The Court clearly warned that "[f]ailure to timely comply with the provisions of this order may result in the imposition of sanctions up to and including case dispositive sanctions " Docket No 25

Yet, none of these actions led Plaintiff's counsel to comply with her obligations under the Rules and this Court's Orders   Plaintiff's counsel failed to timely respond to the Court's Order to Show Cause, failed to serve responses to Defendant's discovery requests, and failed to attend the December 11 or 19 status hearing   Due to her representations of a personal emergency on December 11 and 19, the Court imposed a thirty (30) day stay to this matter to afford counsel with time to attend to her mother's health. Even this remedy had no effect on Plaintiff's counsel She failed to serve the discovery responses and did not appear for the February 6 hearing, after specifically representing that she was available on that date

1    The Court's repeated attempts to explore other possible and meaningful alternatives to
2  dismissal have been to no avail  There are no other less drastic sanctions available that would
3  ensure compliance by Plaintiff's counsel if this case were allowed to move forward.
4  Consequently dismissal is appropriate  See Adriana Intern Corp v Thoeren, 913 F 2d 1406,
5  1413 (9th Cir 1990) (holding the court "satisfied the consideration of alternatives requirement []
6  by imposing various other sanctions before dismissal," such as monetary sanctions, warnings,
7  and contempt, and thus dismissal was appropriate when plaintiff "had not complied with past
8  sanctions" and "continually disobeyed court orders and acted in willful disruption of the
9  discovery process," giving the court "no reason to believe they would [comply] in the future"),
10  Henderson, 779 F 2d at 1424 (finding that "plaintiff's counsel disregarded repeatedly the
11  deadlines set by the district court," that "the history of counsel's actions in the district court
12  forecloses any assumption that a new extension would be fruitful," and that the district court's
13  warnings of possible dismissal, holding of a status conference, and establishing of a schedule for
14  discovery, "as a constructive intermediate step in dealing with dilatory practices," constituted
15  sufficiently meaningful "alternative measures" to dismissal)

16
17
### 5.    The Public Policy Favoring Disposition of Cases on Their Merits Is Outweighed by the Other Factors.

18    This factor is clearly overcome by the other four factors which each strongly favor
19  dismissal  See Rio Properties, Inc v Rio Intern Interlink, 284 F 3d 1007, 1022 ($9^h$ Cir 2002)
20  ("While the public policy favoring disposition of cases on their merits weighs against default
21  judgment, that single factor is not enough to preclude imposition of this sanction when the other
22  four factors weigh in its favor")

23
24    Finally, the Court acknowledges that dismissal of this action for the conduct of Plaintiff's
25  counsel imposes a hardship upon the Plaintiff which this Court regrets  Nevertheless, Plaintiff
26  made a voluntary choice to engage the counsel of his choosing, and this Court simply cannot
27  effectively function unless it requires all who come before it to comply with the same Rules.

28

KAMER ZUCKER ABBOTT    *Attorneys at Law*

See Chism, 637 F 2d at 1332 ("district courts cannot function efficiently unless they can effectively require compliance with reasonable rules  Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level"), Link, 370 U S  at 633 34 (explaining that refraining from dismissal where the plaintiff's counsel, rather than the plaintiff, is responsible for the conduct at issue "would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney'") (quoting Smith v Ayer, 101 U S  320, 326 (October Term  1879))

**IT IS THE RECOMMENDATION** of the undersigned Magistrate Judge that case dispositive sanctions be imposed and that this matter be dismissed with prejudice due to Plaintiff's counsel's failures to comply with Court orders, failures to comply with discovery obligations, the Federal Rules of Civil Procedure, and the Local Rules of Practice, failures to appear at multiple Court ordered proceedings before the Court, and failures to communicate with opposing counsel

DATED this 28th day of February  2008

PEGGY A LEEN
UNITED STATES MAGISTRATE JUDGE